**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000051
28-MAR-2025
08:14 AM
Dkt. 86 SO**

NO. CAAP-22-0000051

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

EWA VILLAGES OWNERS ASSOCIATION, by its Board of Directors,
Plaintiff/Counterclaim Defendant-Appellee,
v.
ROPATI JAMES TAUTUA; EMMA TUASIVI TAUTUA,
Defendants/Counterclaimants/Cross-claim Defendants-Appellants;
NATIONSTAR MORTGAGE LLC; ARROW FINANCIAL SERVICES, LLC,
Defendants/Cross-claim Defendants-Appellees; CITY AND COUNTY OF
HONOLULU, Defendant/Counterclaimant/Cross-claimant-Appellees;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS
1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001499)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

Defendants/Counterclaimants/Cross-claim Defendants-

Appellants Ropati James Tautua and Emma Tuasivi Tautua (**Tautuas**)

appeal from the Findings of Fact (**FOF**), Conclusions of Law

(**COL**), and Order Granting Plaintiff Ewa Villages Owners

Association's Motion for Summary Judgment and Interlocutory Decree of Foreclosure, Filed on October 19, 2021 (**Foreclosure Decree**), and the Judgment (**Foreclosure Judgment**) based on the Foreclosure Decree, entered pursuant to Hawaiʻi Rules of Civil Procedure Rules 54(b) and 58, both filed on January 12, 2022 by the Circuit Court of the First Circuit (**circuit court**).[1]

Plaintiff/Counterclaim Defendant-Appellee Ewa Villages Owners Association (**Ewa Villages**) is a planned community association organized under Hawaii Revised Statutes (**HRS**) Chapter 421J, as well as the Declaration of Covenants, Conditions and Restrictions of Ewa Villages Community, and the Bylaws of Ewa Villages (collectively, the **Project Documents**). The Tautuas own residential property in Ewa Beach, Hawaiʻi (**Property**) and, in accordance with HRS Chapter 421J and the Project Documents, are obligated to pay association dues, reimbursable repairs, late fees, attorneys' fees and costs, and other assessments to Ewa Villages.  The Tautuas owed past-due assessments to Ewa Villages, and Ewa Villages filed the February 2019 Notice of Default and Lien on the Property (**2019 Lien**) in the Land Court of the State of Hawaiʻi.

Ewa Villages filed its "Complaint for Foreclosure" (**Complaint**) in November 2020, and its Motion for Summary

---

[1]     The Honorable Jeannette H. Castagnetti presided.

Judgment and Interlocutory Decree of Foreclosure (**Motion**) in October 2021.  The circuit court granted Ewa Villages' Motion, finding no genuine issue of material fact that there are sums "due and owing" by the Tautuas to Ewa Villages, but reserved ruling as to the specific amounts.  The circuit court ruled that it would hold a further hearing to confirm the foreclosure sale, at which "the amount of association dues, reimbursable repairs, late fees, attorneys' fees and costs, and other assessments owed by [the Tautuas] to [Ewa Villages]" would be determined.  The Tautuas appealed.

On appeal, the Tautuas contend that the circuit court erred in granting summary judgment and the Foreclosure Decree. We review the circuit court's grant of summary judgment de novo, applying the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55-56, 292 P.3d 1276, 1285-86 (2013) (citation omitted).

Upon careful review of the record and the briefs submitted, and having given due consideration to the case law

and authorities relevant to the arguments advanced, we resolve the Tautuas' points of error as follows.[2]

(1) The Tautuas first contend that the circuit court erred in entering summary judgment in Ewa Villages' favor, and granting the Foreclosure Decree, because Ewa Villages "NEVER proved the amounts owed by the Tautuas as required by HRS § 667-19(2), nor [were the amounts] even alleged."

We conclude that Ewa Villages satisfied its initial burden on summary judgment. Ewa Villages submitted a ledger, as exhibit 4 to their Motion and authenticated by declaration, establishing the Tautuas' default.[3] The record also reflects

---

[2]     The Tautuas set forth the following points of error:

1. The Circuit Court Erred in Granting [Ewa Villages'] Motion for Summary Judgment Because: (A) [Ewa Villages] NEVER proved the amounts owed by the Tautuas as required by HRS § 667-19(2) [(Supp. 2017)], nor was it even alleged, (B) there was no valid lien that [Ewa Villages] could foreclose upon as the 2019 [L]ien was filed BEFORE the Satisfaction of Judgment was filed and AFTER the assessment for reimbursable repairs, and (C) [Ewa Villages'] claimed attorneys' fees were not reasonable.

2. The Circuit Court Erred in Making the [FOF] in Paragraphs 4, 5 and 7 of its Jan. 12, 2022 [FOF], [COL] and Order . . . .

3. The Circuit Court Erred in Making the [COL] in Paragraphs C and G of its Jan. 12, 2022 [FOF], [COL] and Order . . . .

[3]     The Tautua's reliance on Wells Fargo Bank, N.A. v. Fong, 149 Hawai'i 249, 488 P.3d 1228 (2021) is misplaced. In Fong, the Hawai'i Supreme Court found that there were genuine issues of material fact regarding default where a bank's ledger showed conflicting evidence of whether the mortgagee was current on all required payments at the alleged date of default. Id. at 253-54, 488 P.3d at 1232-33. Here, the Tautuas admitted to default, and they do not demonstrate how the Ewa Villages' ledger purportedly shows the Tautuas made payments to cover all unpaid assessments to their Ewa Villages' account.

that the Tautuas acknowledged their default. At the hearing on the Motion, the Tautuas' counsel did not contest that the Tautuas owed "[$]7534.14" to Ewa Villages, arguing only that "the question is how much more do [the Tautuas] owe and how does that relate to the satisfaction of judgment."

The burden then shifted to the Tautuas, and the Tautuas did not raise a genuine issue of material fact. The Tautuas did not argue in the underlying proceedings that HRS § 667-19(2) requires Ewa Villages to prove a specific additional amount owed, or that Ewa Villages failed to demand payment from the Tautuas. Therefore, those arguments are waived on appeal. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.").

Moreover, the Tautuas are appealing the entry of the Foreclosure Decree,[4] and "[t]he material inquiry relevant to a

_____

[4] It is axiomatic that "foreclosure cases are bifurcated into two separately appealable parts." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 372, 390 P.3d 1248, 1259 (2017) (cleaned up). "[T]he decree of foreclosure and order of sale are appealable pursuant to HRS § 667-51(a)(1) and (2)." Id. All other orders, including,

> Orders confirming sale, deficiency judgments, orders directing the distribution of proceeds, and other orders issued subsequent to the decree of foreclosure are separately appealable pursuant to HRS § 667-51(a)(2)-(3) and therefore fall within the second part of the bifurcated proceedings.

Id. at 372 & n.20, 390 P.3d at 1259 & n.20 (cleaned up).

foreclosure decree is whether a default occurred, **not** the amount owed." IndyMac Bank v. Miguel, 117 Hawaiʻi 506, 520, 184 P.3d 821, 835 (App. 2008) (emphasis added).

Any challenge to the total amount of past-due assessments owed is therefore premature. "Our law does not burden the foreclosing party with the obligation to prove the amount due on the mortgage before the foreclosure sale because 'a deficiency judgment is rendered only after the sale of the mortgaged property.'" HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 49 n.22, 464 P.3d 821, 837 n.22 (2020) (quoting Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 549, 654 P.2d 1370, 1374 (App. 1982)). "This process does not require a court to determine the [total] amount due on the mortgage before granting a decree of foreclosure to the mortgagee." Id.

(2) The Tautuas next contend that the circuit court erred in granting summary judgment because "there was no valid lien that [Ewa Villages] could foreclose upon as the 2019 [L]ien was filed BEFORE the Satisfaction of Judgment was filed and AFTER the assessment for reimbursable repairs." The Tautuas concede that the 2019 Lien is valid as to the stated amount of $11,955.14, but dispute that it includes amounts incurred after its date of recordation. The Tautuas appear to contend, on this logic, that there is no valid lien for assessments accruing

6

after the 2019 Lien's recordation, upon which Ewa Villages can foreclose.

Ewa Villages demonstrated that the 2019 Lien, which was attached as exhibit 7 to the Motion and authenticated by declaration, is for "unpaid amounts assessed by [Ewa Villages] as of February 1, 2019 and for all subsequent assessments, including all costs, expenses, and attorneys' fees incurred by or on behalf of [Ewa Villages] for collecting any delinquent assessments against the Property." The 2019 Lien, therefore, includes the "subsequent assessments" that the Tautuas accrued after recordation of the lien.

Moreover, Ewa Villages established that it also has a statutory lien for unpaid assessments. See HRS § 421J-10.5(a) (Supp. 2012) (stating that "[a]ll sums assessed by the association, but unpaid for the share of the assessments chargeable to any unit, shall constitute a lien on the unit" and further provides that the expiration of a recorded lien "shall in no way affect the association's automatic lien that arises pursuant to this subsection or the association documents.").

The circuit court, therefore, did not err in concluding that there was no genuine issue of material fact regarding the existence of a valid lien on the Property, against which Ewa Villages could foreclose. We reiterate that, to the extent the Tautuas contend there exists a genuine issue as to

7

the precise amount owed to Ewa Villages, that challenge is premature.

(3) The Tautuas lastly contend that Ewa Villages "claimed attorneys' fees [that] were not reasonable."  "The trial court's grant or denial of attorneys' fees and costs is reviewed under the abuse of discretion standard."  Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 105, 176 P.3d 91, 104 (2008) (cleaned up).

We determine that the circuit court did not abuse its discretion in concluding that Ewa Villages is entitled to reasonable attorneys' fees pursuant to HRS Chapter 421J.  See HRS § 421J-10(a) (2004) (stating that "[a]ll costs and expenses, including reasonable attorneys' fees" for collecting any delinquent assessments, foreclosing any lien, or enforcing any provision of the association documents or HRS Chapter 421J chapter "shall be promptly paid on demand to the association").  The Tautuas prematurely challenge the fee amount insofar as the Foreclosure Decree states the circuit court reserved ruling on "the amount of association dues, reimbursable repairs, late fees, attorneys' fees and costs, and other assessments owed by [the Tautuas]" until the confirmation of the foreclosure sale.

For the reasons set forth above, the Foreclosure Decree and Foreclosure Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, March 28, 2025.

On the briefs:

Keith M. Kiuchi,
for Defendants/
Counterclaimants/Cross-claim
Defendants-Appellants.

Bradford Chun,
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge